# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANDREW KETTERMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-00952 JAR |
| BANK OF AMERICA CORP., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant Barclays Bank Delaware ("Barclays")'s Unjust Enrichment Counterclaim (Doc. No. 34). Barclays opposes the motion. (Doc. No. 35)

Plaintiff filed this action in St. Louis County Circuit Court for statutory damages against a number of defendants for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1682, *et seq*.[1] (Doc. No. 4) The action was timely removed to this Court on June 13, 2018. (Doc. No. 1) Barclays filed a counterclaim against Plaintiff for breach of contract (Count I) and unjust enrichment (Count II) based on allegations that he defaulted on his credit card account with Barclays. (Doc. No. 28) Plaintiff moves to dismiss Count II of Barclays' counterclaim on the grounds that a quasi-contractual claim such as unjust enrichment cannot be based on the terms and benefits conferred by an express contract. Barclays responds that while a plaintiff cannot recover on both an express contract and quasi-contractual claim, under the Federal Rules of Civil

---

[1] To date, Plaintiff has settled with Verizon Wireless, LLC, Bank of America Corporation, Trans Union, LLC, and Experian Information Solutions, Inc.

Procedure, quasi-contractual claims may be pled as alternative relief to breach of an express contract.

Missouri law does not allow recovery under both an express contract and equitable theories of relief. Leisman v. Archway Med., Inc., 53 F. Supp. 3d 1144, 1148 (E.D. Mo. 2014) (citation omitted). Under the federal notice pleading standards, however, a party may plead claims in the alternative, even if the claims are inconsistent. See Fed. R. Civ. P. 8(d)(2); Superior Edge, Inc. v. Monsanto Co., 44 F.Supp.3d 890, 900 (D. Minn. 2014) ("In reliance upon Rule 8, federal courts in Missouri have consistently denied motions to dismiss quasi-contract claims even where the pleading also alleges the existence of an express contract."); Guarantee Elec. Constr. Co. v. LVC Technologies, Inc., No. 4:05CV8949 JCH, 2006 WL 950204, at *2 (E.D. Mo. Apr. 10, 2006) ("Because a party may set forth two or more claims alternatively when it does not know upon which precise theory the evidence may entitle recovery, it is settled law that joining a count based on an expressed contract with a count based on quantum meruit does not create an inconsistency."). Thus, the Court will allow Barclay's alternative pleadings at this stage of the litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendant Barclays Bank Delaware Unjust Enrichment Counterclaim [34] is **DENIED**.

Dated this 4th day of December, 2018.

                                                                      _/s/ John A. Ross_
                                                  **JOHN A. ROSS**
                                                  **UNITED STATES DISTRICT JUDGE**