# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANDREW KETTERMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 4:18-CV-00952 JAR |
| | ) |
| BANK OF AMERICA CORP., et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant Chase Bank's Counterclaims (Doc. No. 78); Defendant Chase Bank's Motion to Strike Plaintiff's Motion to Dismiss (Doc. No. 79); and Plaintiff's Motion for Leave to File Motion to Dismiss Out of Time or Alternatively to Convert to a Motion for Judgment on the Pleadings (Doc. No. 83).

**Background**

On May 11, 2018, Plaintiff filed this action against Chase[1] for violations of the Fair Credit Reporting Act in the Circuit Court of St. Louis County. The case was removed to this Court on June 13, 2018. (Doc. No. 1). Pursuant to the Case Management Order issued on November 30, 2018, the deadline for joining parties or amending pleadings was January 4, 2019. (Doc. No. 56). On January 3, 2019, Chase sought leave to file a counterclaim against Plaintiff for breach of contract, suit on account, and unjust enrichment. (Doc. No. 62). On January 4, 2019, the Court ordered Plaintiff to file any response to Chase's motion no later than January 8, 2019. (Doc. No. 63). Also on January 4, 2019, Plaintiff moved for leave to amend his complaint to

---

[1] Defendants Bank of America, N.A., Verizon Wireless LLC, Trans Union, LLC, Experian Information Solutions, Equifax Information Services, LLC, and Barclays Bank Delaware have been dismissed from the case. (Doc. Nos. 43, 45, 50, 54, 61, 73).

remove those Defendants dismissed from the case. (Doc. No. 64). Plaintiff did not respond to Chase's motion for leave to file a counterclaim and the Court granted Chase's motion. (Doc. No. 65). On January 16, 2019, Chase filed its counterclaim and Plaintiff filed his First Amended Complaint. (Doc. Nos. 66, 67). Plaintiff filed his answer and affirmative defenses to Chase's counterclaim on January 23, 2019. (Doc. No. 68). Chase filed its answer to Plaintiff's First Amended Complaint on January 28, 2019. (Doc. No. 69).

On February 26, 2019, Plaintiff moved to dismiss Chase's counterclaims pursuant to Fed. R. Civ. P. 12(b)(1), (6). He argues the Court lacks supplemental jurisdiction over Chase's counterclaims because they do not arise from the same case or controversy as the instant case brought under the Fair Credit Reporting Act. (Doc. No. 78 at 4-6). Plaintiff also argues that Chase's counterclaims are time-barred because they were brought more than three years after the date of the last payment and past Delaware's statute of limitations. (Id. at 6-8). In support of his motion to dismiss, Plaintiff submits a copy of Chase's responses to Plaintiff's interrogatories indicating that the last payment on the account at issue was September 4, 2015 and that the account was closed on November 5, 2015. (Doc. No. 78-1).

Chase has moved to strike Plaintiff's motion to dismiss as untimely and because it relies on documents outside the pleadings, namely interrogatory answers that Chase provided in discovery. (Doc. No. 79 at 4-6). Alternatively, Chase requests the Court convert Plaintiff's motion to a motion for summary judgment and grant it leave to file an opposition. (Id. at 7). In reply, Plaintiff argues that the delay in filing his motion to dismiss was due to Chase's delay in answering his discovery, and that as long as the defense of failure to state a claim has been asserted in the answer, courts routinely consider post-answer motions raising the defense – although technically they are no longer Rule 12(b) motions. (Doc. No. 82 at 3-4). Alternatively,

Plaintiff requests leave to file his motion to dismiss out of time or convert it into a motion for judgment on the pleadings. (Doc. No. 83).

**Discussion**

A Rule 12(b) motion technically cannot be filed after an answer has been submitted. See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a further pleading is permitted."); see also Sletten & Brettin Orthodontics, LLC v. Continental Cas. Co., 782 F.3d 931, 934 n. 2 (8th Cir. 2015). Although the rules prevent Plaintiff from filing a Rule 12(b) motion at this time, it does not follow that he has waived his ability to challenge either this Court's subject matter jurisdiction or the sufficiency of the complaint. Indeed, the Court is required to dismiss if "at any time" it determines that subject matter jurisdiction is lacking. Fed. R. Civ .P. 12(h)(3). Also, a defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings under Rule 12(c), even after an answer has been filed. The Court will, therefore, treat Plaintiff's motion as if it were based on Rules 12(h)(3) and 12(c), as opposed to Rules 12(b)(1) and 12(b)(6).[2] See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Because Chase elected to file a motion to strike Plaintiff's motion rather than address its merits, the Court will grant Chase leave to file a response to Plaintiff's motion, which the Court is construing as a motion for judgment on the pleadings.

Accordingly,

---

[2] Chase requests the Court convert Plaintiff's motion to a motion for summary judgment. Even where, as here, matters outside of the pleadings are presented to the court, a motion to dismiss is not converted into a motion for summary judgment where the district court makes it clear it is only ruling on the motion to dismiss. Skyberg v. United Food and Commercial Workers Int'l Union, AFL-CIO, 5 F.3d 297, 302 n. 2 (8th Cir. 1993). Here, the Court declines to convert Plaintiff's motion to dismiss into a motion for summary judgment; instead, the Court will analyze the case as a Rule 12(c) motion for judgment on the pleadings.

**IT IS HEREBY ORDERED** that Defendant Chase Bank's Motion to Strike Plaintiff's Motion to Dismiss [79] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Motion to Dismiss Out of Time or Alternatively to Convert to a Motion for Judgment on the Pleadings [83] is **GRANTED** in part and **DENIED** in part.

**IT IS FINALLY ORDERED** that Defendant Chase Bank shall within fourteen (14) days of the date of this Order, file its response to Plaintiff's Motion to Dismiss Defendant Chase Bank's Counterclaims, construed as a motion for judgment on the pleadings.

Dated this 20th day of March, 2019.

                                            **JOHN A. ROSS**
                                            **UNITED STATES DISTRICT JUDGE**