# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW KETTERMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-00952 JAR |
| BANK OF AMERICA CORP., et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for judgment on the pleadings.[1] (Doc. No. 78). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

On May 11, 2018, Ketterman filed this action against Chase[2] for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"), in the Circuit Court of St. Louis County. The case was removed to this Court on June 13, 2018. (Doc. No. 1). On January 16, 2019, Ketterman filed a first amended complaint against Chase alleging that Chase furnished the credit report agencies ("CRAs") with inaccurate information relating to a credit card account that his "ex-wife opened up" without his "permission or knowledge." (First Amended Complaint ("FAC"), Doc. No. 67 at ¶ 15).

---

[1] On March 20, 2019, the Court granted Ketterman leave to file his motion to dismiss Chase's counterclaim out of time and convert it into a motion for judgment on the pleadings. (Doc. Nos. 78, 83, 84).

[2] Defendants Bank of America, N.A., Verizon Wireless LLC, Trans Union, LLC, Experian Information Solutions, Equifax Information Services, LLC, and Barclays Bank Delaware have been dismissed from the case. (Doc. Nos. 43, 45, 50, 54, 61, 73).

Also on January 16, Chase filed a counterclaim against Ketterman alleging that on October 9, 2014, it opened and issued him a credit card account governed by a written Cardmember Agreement. (Doc. No. 66 at ¶¶ 6-9). Chase further alleges that Ketterman defaulted on his payment obligations and that as of the filing of the Counterclaim, the outstanding unpaid balance is $5,285.60, plus attorneys' fees and costs. (Id. at ¶¶ 17-18). Chase alleges counterclaims for breach of contract, suit on account and unjust enrichment.

Ketterman moves for judgment on the pleadings, arguing that the Court lacks supplemental jurisdiction over Chase's counterclaims because they do not arise from the same case or controversy as the instant case brought under the FCRA. (Doc. No. 78 at 4-6). Ketterman also argues that Chase's counterclaims are time-barred because they were brought more than three years after the date of the last payment and past Delaware's statute of limitations.[3] (Id. at 6-8). In support of its motion, Ketterman submits a copy of Chase's responses to his interrogatories indicating that the last payment on the account at issue was September 4, 2015 and that the account was closed on November 5, 2015. (Doc. No. 78-1).

In response, Chase argues that its counterclaim is compulsory because both the FCRA claims and the counterclaims are centered on the same issue, i.e., whether Ketterman is liable on the Account, and if so, in what amount. (Doc. No. 87 at 7-9). Chase further argues that Ketterman cannot rely on material "outside the pleadings" to support his argument for dismissal under Rule 12(b). (Id. at 10-11). Lastly, Chase argues that under Delaware's statute of limitations, the accrual period for a continuous contract, like a credit card contract, does not begin to run until the "full damages can be ascertained and recovered." (Id. at 12-13).

---

[3] Chase agrees that its counterclaims are governed by Delaware law. (Doc. No. 87 at 10 n. 8).

**Legal standard**

In resolving a Rule 12(c) motion for judgment on the pleadings, a court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Kaestner v. Diversified Consultants, Inc., No. 4:17-CV-2607 CAS, 2018 WL 465786, at *2 (E.D. Mo. Jan. 17, 2018). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." United States v. Any and All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000). "The motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." Stewart v. City of St. Louis, No. 4:04CV885 RWS, 2006 WL 389837, at *1 (E.D. Mo. Feb. 17, 2006) (quoting Wright & Miller, Federal Practice and Procedure: Civil 3d § 1367).

**Discussion**

**Supplemental jurisdiction**

Ketterman's FCRA claim invokes original jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a) permits the exercise of supplemental jurisdiction over claims "so related to" the claim invoking original jurisdiction that the claims "form part of the same case or controversy." This includes counterclaims, which may be compulsory or permissive. A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims and does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). Supplemental jurisdiction automatically extends to compulsory counterclaims. St. Jude Med., Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 594 (8th Cir. 2001).

"[A]ny claim that is not compulsory" is permissive. Fed. R. Civ. P. 13(b). Courts within the Eighth Circuit have assumed, without deciding, that supplemental jurisdiction exists over at least some permissive counterclaims that, although not arising from the same transaction or occurrence under Rule 13(a), nevertheless form part of the same case or controversy as required under § 1367(a). Ensz v. Chase Bank USA NA, No. 18-CV-2065-CJW-MAR, 2019 WL 136982, at *2 (N.D. Iowa Jan. 7, 2019) (citing Riazi v. Ally Fin., Inc., No. 4:17CV1705JCH, 2017 WL 4260847, at *4 (E.D. Mo. Sept. 26, 2017); Graf v. Pinnacle Asset Grp., LLC, NO. 14-1822-SRN/SER, 2015 WL 632180, at *5 (D. Minn. Feb. 12, 2015)). Claims are a part of the same case or controversy if they "derive from a common nucleus of operative fact," such that the parties "would ordinarily be expected to try them all in one judicial proceeding." ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 963 (8th Cir. 2011) (citations omitted).

In the instant motion, Ketterman argues this Court lacks supplemental jurisdiction over Chase's counterclaim because it does not arise from "the same case or controversy" as his FCRA claim. Ketterman relies on cases comparing the elements of TCPA claims and FDCPA claims to a defendant's counterclaims to collect the underlying debt and finding the counterclaims were not part of the same case or controversy because they required largely different evidence. (Doc. No. 78 at 4-5) (citing Ensz, 2019 WL 136982, at *4; Vecchia v. Ally Financial, Inc., No. 8:17-CV-2977-T-23AAS, 2018 WL 907045, at *1 (M.D. Fla. Feb. 15, 2018); Riazi, 2017 WL 4260847, at *5-6 (E.D. Mo. Sept. 26, 2017); Haverstick v. J & M Securities, LLC, No. 4:16-CV-441 RLW, 2016 WL 6560402 (E.D. Mo. Nov. 3, 2016)).

Chase responds that its counterclaim is compulsory because its allegations form part of the same "common nucleus of operative fact" as Ketterman's FCRA claim. To establish a claim under FCRA, Ketterman must show that the information furnished to the CRAs by Chase was

inaccurate. However, as Chase correctly observes, "if Chase proves that [plaintiff] is liable on the Account for the amount reported to the CRAs, it will succeed on its state law claims and [plaintiff]'s FCRA claim will fail." (Doc. No. 87 at 8).

Chase relies on <u>Dhameja v. Experian Information Solutions, Inc.</u>, No. CV 18-07825 SJO, 2019 WL 856855 (C.D. Cal. January 8, 2019). There, plaintiff filed a FCRA claim arguing that the information Chase furnished to the CRAs was inaccurate because he "never opened an account with Chase and never authorized anyone to open any accounts with Chase." <u>Id</u>. at *1. Chase counterclaimed for breach of contract and plaintiff moved to dismiss for lack of subject matter jurisdiction. <u>Id</u>. The <u>Dhameja</u> court found Chase's counterclaims arose out of the same "transaction or occurrence" as plaintiff's FCRA claim because both relied on the underlying debt; plaintiff's claim rested on allegations that he never had credit card accounts with Chase, while Chase's counterclaims rested on allegations that plaintiff *did* have such accounts. <u>Id</u>. at *3 (emphasis in the original).

As in <u>Dhameja</u>, Ketterman disputes not only Chase's furnishing of certain details regarding the debt to the CRAs, but also his liability on the debt because he did not open the account, whereas Chase's counterclaims rest on the allegation that the account does belong to Ketterman. The same "operative facts" - namely, those regarding the existence (or lack thereof) of a Chase account in Ketterman's name - serve as the basis for both Ketterman's FCRA claim and Chase's collection counterclaims. <u>See</u> <u>id</u>. at *3.

The cases cited by Ketterman are not determinative because claims under the TCPA or FDCPA are not premised on the existence or validity of an underlying agreement with, or debt to, defendant. To state a claim under the TCPA, a plaintiff must establish that the defendant called his or her cell phone using an automatic telephone dialing system (ATDS) without

plaintiff's prior express consent. Riazi, 2017 WL 4260847, at *5. To state a claim under the FDCPA, a plaintiff must establish that he or she has been the object of collection activity arising from consumer debt, that the defendant is a debt collector as defined by the FDCPA, and that the defendant has engaged in an act or omission prohibited by the FDCPA. Kaestner v. Diversified Consultants, Inc., No. 4:17-CV-2607 CAS, 2018 WL 465786, at *3 (E.D. Mo. Jan. 17, 2018).

In addition, Witt v. Experian Info. Solutions, Inc., No. CV F 08-0553 LJO DLB, 2008 WL 2489132 (E.D. Cal. Jun. 16, 2008), a FCRA action, is distinguishable in that plaintiff disputed the unfair reporting of his debt but not its existence. Thus, the FCRA claim did not depend on the same operative facts as the defendant's breach of contract counterclaim for the underlying debt, i.e., whether a contract existed between the parties or whether plaintiff incurred a debt pursuant to that contract. Id. at *3.

For these reasons, the Court finds that Chase's counterclaims arise out of the same "transaction or occurrence" as Ketterman's FCRA claims and are therefore compulsory. Because Chase's counterclaims are compulsory, the Court has supplemental jurisdiction to hear them.

Alternatively, Ketterman argues the Court may decline to exercise supplemental jurisdiction where compelling reasons exist. Ketterman contends that exercising supplemental jurisdiction and allowing Chase's counterclaims to proceed will have a chilling effect on consumers generally and undermine the remedial purpose of consumer protection litigation, citing Witt, 2008 WL 2489132, at *4-5. The Court finds this argument unpersuasive. Unlike in Witt, this is not a case where a debt collector seeks to raise permissive counterclaims for the underlying debt. Rather, Chase's counterclaim is directly tied to the facts alleged and is, as a practical matter, inseparable from the claims and defenses at issue. See Bondi v. Great Southern Bank, No. 16-CV-1282 (PAM/BRT), 2017 WL 2345664 (D. Minn. May 30, 2017).

**Time barred**

The parties do not dispute that pursuant to the terms of the credit card agreement, Delaware law is the governing law. Under Title 10, Section 8106 of the Delaware Code, a cause of action for unjust enrichment, account stated and breach of contract must be brought within three years. In its counterclaim, Chase does not allege the date of default or the date of Ketterman's last payment. In support of his motion, Ketterman submits a copy of Chase's responses to his interrogatories indicating that the last payment on the account at issue was September 4, 2015 and that the account was closed on November 5, 2015. (Doc. No. 78-1). He argues that Chase's counterclaims were brought on January 4, 2019[4], more than three years after the date of the last payment, and thus time barred. Chase responds that Ketterman has impermissibly relied on material outside the pleadings and that the four corners of the parties' pleadings do not establish that its counterclaim is time-barred. Ketterman replies that Chase does not contest the dates or facts in its answers to interrogatories, and that answers to interrogatories can be considered as uncontested facts on a motion to dismiss, citing *inter alia*, Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994).

When deciding a motion for judgment on the pleadings, a district court generally does not consider materials outside the pleadings, although "courts may consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." Coons v. BNSF Ry. Co., 268 F. Supp. 3d 983, 987 (D. Minn. 2017) (quoting Saterdalen v. Spencer, 725 F.3d 838, 841 (8th Cir. 2013) (internal quotation marks omitted)); Greeman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015). In its previous order converting Ketterman's motion to dismiss to a motion for judgment on the pleadings, the Court indicated it

---

[4] Chase moved for leave to file its counterclaim on January 3, 2019; the Court granted Chase leave on January 16, 2019. (Doc. Nos. 62, 65).

was not considering matters outside the pleadings. (Doc. No. 84 at 3 n.2). Because it is not clear from the face of the parties' pleadings that Chase's counterclaim is time-barred, see Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011), the Court will deny Ketterman's motion and allow the parties to further develop the record.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss [78], converted to a motion for judgment on the pleadings, is **DENIED.**

Dated this 2nd day of May, 2019.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**